William M. Turner (State Bar No. 199526)
wmturner@jonesbell.com
**JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
601 South Figueroa Street
Twenty-Seventh Floor
Los Angeles, California 90017-5759
Telephone: (213) 485-1555
Facsimile: (213) 689-1004

Attorneys of Record for Defendant
TD AMERITRADE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ELLSWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>TD AMERITRADE, INC.,<br><br>    Defendant. | CASE NO: CV 11 5071 LB<br><br>**NOTICE OF REMOVAL** |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:

**NOTICE IS HEREBY GIVEN** that Defendant TD AMERITRADE, INC. (TDA) hereby removes the above-referenced action from the Superior Court of the State of California for the County of San Mateo, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and states that this Court has jurisdiction over the action on the basis that it includes a claim arising under the laws of the United States.

/ / /

/ / /

## SUMMARY OF ACTION

1. This removal involves an action that was filed in the Superior Court of the State of California for the County of San Mateo, entitled *Ellsworth v. TD Ameritrade, Inc.*, Case No. SCS-124918. A true and correct copy of the Complaint in this action is attached hereto as Exhibit A. No other pleadings or papers have been served on or filed by TDA in this action.

## SERVICE AND TIMELINESS OF REMOVAL

2. Plaintiff Steven Ellsworth filed the Summons and Complaint on September 30, 2011. Accordingly, TDA files this Notice of Removal within thirty days after receipt of a copy of a pleading, motion, order or other papers from which it may first be ascertained that this action is removable. TDA is the only defendant in this action, thus, TDA does not need to obtain any other party's consent before removing this case.

## JURISDICTION

3. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed by Defendant pursuant to 28 U.S.C. § 1441 in that it is a civil action over which the district courts have original jurisdiction founded on claims arising under the laws of the United States.

## FEDERAL QUESTION JURISDICTION

4. Federal question jurisdiction arises out of the fact that the Complaint seeks to pursue remedies under the Securities Act of 1933, 15 US.C. § 78a et seq., and the Securities Exchange Act of 1934, 15 US.C. § 77a et seq. (collectively, the Securities Acts). Specifically, Plaintiff contends that TDA, in violation of the Securities Acts, made untrue statements to him regarding the safety of his investment in the Reserve High Yield Fund, a diversified mutual fund TDA offered and sold, and that TDA failed to reasonably supervise its registered representatives. (Compl., SC-100, Item 3.)

5. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining claims, if Plaintiff alleges any, because they are substantially related to Plaintiff's claims under the Securities Acts. All of Plaintiff's claims arise from

the same nucleus of operative facts as the first cause of action such that they should all be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

## VENUE

6. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because the original state court action was filed in this district and this is the judicial district in which the action arose.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Local Rule 3-2(c)-(d), this case is properly assigned to the San Francisco and Oakland division, as Plaintiff resides in San Mateo County, brought the state court action in the Superior Court for the County of San Mateo, and claims to have been injured by TDA's allegedly tortious conduct in San Mateo County.

## NOTICE TO STATE COURT

8. A true and correct copy of this Notice of Removal will be promptly served on the Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Mateo, as required by law.

9. In compliance with 28 U.S.C. Section 1446(a), TDA has attached a copy of the state court papers served herein, which consist of the Summons and Complaint (Ex. A).

Dated: October 12, 2011

William M. Turner
JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.

By: /s/ Bill Turner
William M. Turner
Attorneys of Record for Defendant
TD AMERITRADE, INC.

3
NOTICE OF REMOVAL

| SC-100 | **Plaintiff's Claim and ORDER to Go to Small Claims Court** |
|---|---|

**Notice to the person being sued:**

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.
- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

**Aviso al Demandado:**

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

*Clerk stamps date here when form is filed.*

**ENDORSED FILED**
**SAN MATEO COUNTY**

SEP 3 0 2011

Clerk of the Superior Court
By _Siolo S. Sala_
DEPUTY CLERK

*Fill in court name and street address:*
**Superior Court of California, County of San Mateo**
Southern Branch
400 County Center
Redwood City, CA 94063
650-363-4303

*Clerk fills in case number and case name:*
**Case Number:**
SCS-124918
**Case Name:**
STEVEN ELLSWORTH VS TD AMERITRADE INC

**COPY FOR SERVICE**

**Order to Go to Court**

The people in ① and ② must go to court: *(Clerk fills out section below.)*

| Trial Date | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|
| 1. | 11/14/11 | 1:30 PM | see posted calendar | Northern Branch |
| 2. | | | | 1050 Mission Road |
| 3. | | | | South San Francisco, CA 94080 |

Date: September 30, 2011    Clerk, by _S. SALA_, Deputy

**Instructions for the person suing:**

- You are the Plaintiff. The person you are suing is the Defendant.
- *Before* you fill out this form, read Form SC-100-INFO, *Information for the Plaintiff*, to know your rights. Get SC-100-INFO at any courthouse or county law library, or go to: www.courtinfo.ca.gov/forms
- Fill out pages 2 and 3 of this form. Then make copies of all pages of this form. (Make 1 copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all 5 pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.
- Go to court on your trial date listed above. Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2011, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court**
(Small Claims)

SC-100, Page 1 of 5
→

**EXHIBIT A**

Case Number: SCS 124918

Plaintiff (list names): _____

(1) **The Plaintiff (the person, business, or public entity that is suing) is:**
Name: Steven Ellsworth                                     Phone: ( 650 ) 355-7971
Street address: 605 View Ridge Drive    Pacifica    CA    94044
                Street                  City        State Zip
Mailing address (if different): _____
                                Street        City        State    Zip

**If more than one Plaintiff, list next Plaintiff here:**
Name: _____                                      Phone: (    )
Street address: _____
                Street        City        State    Zip
Mailing address (if different): _____
                                Street        City        State    Zip

☐ Check here if more than 2 Plaintiffs and attach Form SC-100A.
☐ Check here if either Plaintiff listed above is doing business under a fictitious name. If so, attach Form SC-103.

(2) **The Defendant (the person, business, or public entity being sued) is:**
Name: TD Ameritrade, Inc c/o CSC Lawyers Incorporating Service - Agt. for Service    Phone: (    )
Street address: 2730 Gateway Oaks Dr. Ste. 100    Sacramento,    CA    95833
                Street                             City           State Zip
Mailing address (if different): _____
                                Street        City        State    Zip

**If more than one Defendant, list next Defendant here:**
Name: _____                                      Phone: (    )
Street address: _____
                Street        City        State    Zip
Mailing address (if different): _____
                                Street        City        State    Zip

☐ Check here if more than 2 Defendants and attach Form SC-100A.
☐ Check here if any Defendant is on active military duty, and write his or her name here: _____

(3) **The Plaintiff claims the Defendant owes $ 7,500.00           . (Explain below):**
a. Why does the Defendant owe the Plaintiff money? Defendants representatives provided untrue statements of material fact upon which I relied to purchase shares of the Reserve High Yield Fund. The fund was sold to me as a money market fund, as safe as cash and an investment with next day liquidity that was important to my
b. When did this happen? (Date): 9/15/08
   If no specific date, give the time period: Date started: _____ Through: _____
c. How did you calculate the money owed to you? (Do not include court costs or fees for service.) _____
   Principal amount owed and reflected on my TD Ameritrade Client Statements is $7,557.70

☑ Check here if you need more space. Attach one sheet of paper or Form MC-031 and write "SC-100, Item 3" at the top.

decision to buy shares of the fund. The Securities Exchange Act of 1934, section 10(b) and rule 10b(5) is very clear and provides investors right to bring a private suit for any misstatement or omission of a material fact, or one that investors would think was important to their decision to buy or sell the stock. TD Ameritrade was charged for failing to supervise its representatives who sold shares of the Reserve High Yield fund. The Securities and Exchange commission charged TD Ameritrade with violating Section 15(b)(4)(E) of the 1934 Exchange Act and Section 17(a)(2) of the Securities Act of 1933 and deemed it appropriate and in the public interest to impose sanctions (agreed to in TD Ameritrade, Inc.'s offer of settlement) and accordingly, pursuant to section 15(b) of Exchange Act ordered TD Ameritrade Inc. censured. The order further stated that customers who receive a distribution pursuant to the order are not prohibited from pursuing any remedies under the law.

TD Ameritrade failed reasonably to supervise its registered representatives with a view to preventing their violations of Section 17(a)(2) of the Securities Act of 1933 in connection with their offer and sale of shares in the Reserve Yield Plus Fund. As a result of the sales practices concerning the Reserve High Yield Fund, defendants representatives violated Section 17(a)(2) of the Securities Act, which prohibits the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact. TD Ameritrade failed reasonably to supervise its representatives within the meaning of Section 15(b)(4)(E) of the Exchange Act of 1934 which requires broker-dealers to supervise reasonably, with a view to preventing violations of the federal securities laws, persons subject to their supervision. The responsibility of broker-dealers to supervise reasonably their employees by means of effective, established procedures is a critical component of the federal regulatory scheme. See In the Matter of Goldman, Sachs & Co., Exch. Act Rel. No. 33576 (Feb. 3, 1994).

TD Ameritrade broke the law and this is the right venue. TD Ameritrade clearly knew this was an issue and should return my money. TD Ameritrade failed reasonably to supervise its representatives within the meaning of Section 15(b)(4)(E) of the Exchange Act. TD Ameritrade representatives violated section 17(a)2 of the Securities Act which prohibits the offer or sale of securities by means of untrue statements of material fact. Arbitration is not an option. The investor protection policy of the Exchange Act dictates that arbitration agreements should not be enforced for violations with respect to Exchange Act claims. Securities Exchange Act section 10(b) and rule 10b(5) is very clear and allows shareholders right to bring a private suit in any court. The Supreme court (see SEC v. Zandford) has also affirmed that 10(b)10b(5) contains a right of action for investors whose brokers violates fiduciary duties to clients. And, The Restoring Financial stability Act (Dodd- Frank Wall Street Reform and Consumer protection Act) recently signed into law, Sec 921. Authority to Restrict mandatory pre-dispute arbitration (a) Amendment to Securities Exchange Act of 1934- Section 15 (15 U.S.C. 78o), as amended by this title was amended by adding the following new description, "(o) Authority to Restrict mandatory pre-dispute arbitration. This grants the commission authority to restrict or prohibit mandatory pre-dispute arbitration arising under Federal Securities law that is in the public interest and for protection of investors. The SEC clearly deemed it appropriate and in the public interest to impose sanctions and censure Ameritrade for violating of section 15(b) of Exchange Act and Section 17(a)(2) of the Securities Act of 1933. The remaining money from the sell order that I placed on September 16th 2008 is $7,557.70 being held and invested without my authorization in a 'cash and short-term securities account' since April 13, 2010. This is not next day liquidity. Prior to trial, if Ameritrade refunds me my total cost basis, in the total amount of $7,557.70 as shown on all my Ameritrade statements, I will consider this full and complete settlement and will then dismiss my claim.

Case Number: SCS 124918

Plaintiff (list names): _____

(4) **You must ask the Defendant (in person, in writing, or by phone) to pay you before you sue. Have you done this?** ☑ Yes ☐ No
*If no, explain why not:* _____

(5) **Why are you filing your claim at this courthouse?**
This courthouse covers the area *(check the one that applies):*
a. ☑ (1) Where the Defendant lives or does business.
(2) Where the Plaintiff's property was damaged.
(3) Where the Plaintiff was injured.
(4) Where a contract (written or spoken) was made, signed, performed, or broken by the Defendant *or* where the Defendant lived or did business when the Defendant made the contract.

b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc., § 395(b).)*

c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). *(Civil Code, § 1812.10.)*

d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. *(Civil Code, § 2984.4.)*

e. ☐ Other *(specify):* _____

(6) **List the zip code of the place checked in ⑤ above** *(if you know):* 94044

(7) **Is your claim about an attorney-client fee dispute?** ☐ Yes ☑ No
*If yes, and if you have had arbitration, fill out Form SC-101, attach it to this form, and check here:* ☐

(8) **Are you suing a public entity?** ☐ Yes ☑ No
*If yes, you must file a written claim with the entity first.* ☐ A claim was filed on *(date):* _____
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

(9) **Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes ☑ No *If yes, the filing fee for this case will be higher.*

(10) I understand that by filing a claim in small claims court, I have no right to appeal this claim.

(11) I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.

I declare, under penalty of perjury under California State law, that the information above and on any attachments to this form is true and correct.

Date: 9/30/11    Steven Ellsworth            ▶ /s/ Steven Ellsworth
         *Plaintiff types or prints name here*     *Plaintiff signs here*

Date: _____    _____            ▶
         *Second Plaintiff types or prints name here*   *Second Plaintiff signs here*



**Requests for Accommodations**
Assistive listening systems, computer-assisted, real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the trial. Contact the clerk's office for Form MC-410, *Request for Accommodations by Persons With Disabilities and Response. (Civil Code, § 54.8.)*

## SC-100    Information for the Defendant (the person being sued)

**"Small claims court"** is a special court where claims for $5,000 or less are decided. A "natural person" (not a business or public entity) may claim up to $7,500, including a sole proprietor. The process is quick and cheap. The rules are simple and informal.

You are the Defendant—the person being sued. The person who is suing you is the Plaintiff.

### Do I need a lawyer?
You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

### How do I get ready for court?
You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that supports your case. And read "Get Ready for Court" at: *www.courtinfo.ca.gov/selfhelp/smallclaims/getready.htm*

### What if I need an accommodation?
If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations*. Give the form to your court clerk or the ADA/Access Coordinator.

### What if I don't speak English well?
Bring an adult who is not a witness to interpret for you, or ask the court clerk for an interpreter at least five days before your court date. A court-provided interpreter may not be available or there may be a fee for using a court interpreter unless you qualify for a fee waiver. You may ask the court for a list of interpreters and also the *Application for Waiver of Court Fees and Costs* (form FW-001).

### Where can I get the court forms I need?
Go to any courthouse or your county law library, or print forms at: *www.courtinfo.ca.gov/forms*

### What happens at the trial?
The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if I lose the case?
If you lose, you can appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file Form SC-140, *Notice of Appeal*. You must file within 30 days after the judge's decision.
- If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration*, to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see: *www.courtinfo.ca.gov/selfhelp/smallclaims/appeal.htm*

### Do I have options?
Yes. If you are being sued, you can:

- **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, both of you must notify the court. Ask the Small Claims Advisor for help.
- **Prove this is the wrong court.** Send a letter to the court *before* your trial, explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done this.)
- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107, and the clerk will subpoena (order) them to go.
- **Sue the person who is suing you.** File Form SC-120, *Defendant's Claim*. There are strict filing deadlines you must follow.
- **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.
- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for plus court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?
You can change the trial date if:

- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial) *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county) *or*
- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out Form SC-110 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

**? Need help?**
Your county's Small Claims Advisor can help for free.

---
*Small Claims Advisory Workshops*
*1st Wednesday evening of each month from 5:00 PM to 7:00 PM and Thursdays of subsequent weeks (excluding the 1st Thursday) from 2:30 PM to 4:30 PM*
*800 No. Humboldt Street, San Mateo, CA 94401*

---

Or go to "County-Specific Court Information" at: *www.courtinfo.ca.gov/selfhelp/smallclaims*

Revised January 1, 2008    **Plaintiff's Claim and ORDER to Go to Small Claims Court**    SC-100, Page 4 of 5
(Small Claims)    →

## SC-100 — Información para el demandado (la persona demandada)

La "Corte de reclamos menores" es una corte especial donde se deciden casos por $5,000 ó menos. Una "persona natural" (que no sea un negocio ni una entidad pública) puede reclamar hasta $7,500. El proceso es rápido y barato. Las reglas son sencillas e informales.

Usted es el Demandado — la persona que se está demandando. La persona que lo está demandando es el Demandante.

### ¿Necesito un abogado?
Puede hablar con un abogado antes o después del caso. Pero no puede tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

### ¿Cómo me preparo para ir a la corte?
No tiene que presentar ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos, y cualquier pruebas que apoyan su caso. Y lea "Prepárese para la corte" en: www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/prepararse.htm

### ¿Qué hago si necesito una adaptación?
Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, *Request for Accomodations*. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

### ¿Qué pasa si no hablo inglés bien?
Traiga a un adulto que no sea testigo para que le sirva de intérprete. O pida al secretario de la corte que le asigne uno. Si quiere que la corte le asigne un intérprete, lo tiene que pedir como mínimo menos cinco días antes de la fecha en que tenga que ir a la corte. Es posible que no haya disponible un intérprete proporcionado por la corte o que tenga que pagar una cuota por emplear un intérprete de la corte, a menos que tenga una exención de cuotas. Puede pedir a la corte una lista de intérpretes y la Solicitud de exención de cuotas y costos de la corte (formulario FW-001).

### ¿Dónde puedo obtener los formularios de la corte que necesito?
Vaya a cualquier edificio de la corte, la biblioteca legal de su condado o imprima los formularios en: www.courtinfo.ca.gov/forms

### ¿Qué pasa en el juicio?
El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

### ¿Qué pasa si pierdo el caso?
Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación*. Tiene que presentarlo dentro de 30 días depués de la decisión del juez.
- Si no estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea: www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/apelar.htm

### ¿Tengo otras opciones?
Si. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en resolver el caso, ambos tienen que notificar a la corte. Pídale al Asesor de Reclamos Menores que lo ayude.
- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)
- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Para asegurarse que los testigos vayan al juicio, llene el formulario SC-107, y el secretario emitirá una orden de comparecencia ordenándoles que se presenten.
- **Demandar a la persona que lo demandó.** Presente el formulario SC-120, *Reclamo del demandado*. Hay fechas límite estrictas que debe seguir.
- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.
- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

### ¿Qué hago si necesito más tiempo?
Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio) o
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado) o
- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-110 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

> *Small Claims Advisory Workshops*
> *1st Wednesday evening of each month from 5:00 PM to 7:00 PM and Thursdays of subsequent weeks (excluding the 1st Thursday) from 2:30 PM to 4:30 PM*
> *800 No. Humboldt Street, San Mateo, CA 94401*

O vea "Información por condado" en: www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores